ADJUDGED IN

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY,

JUNE TERM, 1849,

---

## OLIVER S. HALSTED, ORDINARY.

---

In the matter of the division of the real estate of ISAAC COOMBS, deceased.

In a petition to the Orphans' Court for a division of lands, the petitioner stated that he was entitled to one undivided fourth part of the lands. On the report of the Commissioners that the lands could not be divided without prejudice to the owners, the Orphans' Court ordered a sale of the lands. On application for the division of the proceeds, the petitioner offered evidence to show that by the bankruptcy of an owner of another fourth, and the sale of the bankrupt's fourth by the assignee in bankruptcy, and the purchase thereof by the petitioner, he was entitled to this fourth, also, of the proceeds of the sale, though these facts were not stated in his petition for the division of the lands.

The Orphans' Court refused to admit the evidence.

On appeal, the order of the Orphans' Court was reversed.

In August, 1846, John R. Coombs presented his petition to the Orphans' Court of Mercer for the appointment of Commissioners to divide certain lands, of which he states in his petition, that he is tenant in common with Amos Coombs and the heirs of

Isaac Coombs, Jr., and the heirs of Euphemia Butcher, and in which he states that he is entitled to one-fourth, and Amos Coombs to one-fourth, and the heirs of Isaac Coombs, Jr., to one-fourth, and the heirs of Euphemia Butcher to one-fourth ; two of the children of Euphemia Butcher being minors.

Commissioners were accordingly appointed to make partition of the said real estate in the shares and proportions mentioned in the petition.

In October, 1846, the Commissioners reported that the lands were so circumstanced that partition thereof could not be made without great prejudice to the owners ; and in December, 1849, an order was made by the Orphans' Court directing the Commissioners to sell the said real estate.

The Commissioners, accordingly, sold the lands, on the 11th February, 1847 ; and the proceeds of the sale were $2,632 10. The sale was confirmed and deeds ordered, by the Orphans' Court, to be executed to the purchasers.

In June, 1847, on the allegation of said John R. Coombs that the share in said real estate which was stated in his petition to belong to the heirs of Isaac Coombs, Jr., deceased, is really the the property of him, the said John R. Coombs, the said Orphans' Court made an order that the heirs at law of said Isaac Coombs, Jr., deceased, (naming them,) show cause, on the first day of the then next term of the Orphans' Court, why the net proceeds of said share should not be ordered by the said Court to be paid by the Commissioners to the said John R. Coombs.

J. R. Coombs subsequently died ; and in October, 1847, Wm. Chamberlain, the administrator of his estate, was substituted in his place as a party in the said rule.

At the hearing on the rule to show cause, Wm. Halsted, on the part of the administrator, offered a witness, to prove that Isaac Coombs, senior, was tenant by the courtesy of the lands which had been sold, the proceeds of which were now in question, and that his wife, who was a daughter of Amos Rogers, had

the fee simple.    That she died before her husband, Isaac Coombs, senior.    That the one-fourth of her title vested, at her decease, in Isaac Coombs, Jr., now deceased.    That Isaac Coombs, Jr., became a bankrupt in May, 1842; and that his title in the premises was sold by his assignee in bankruptcy, and purchased by John R. Coombs; under which purchase the administrator of John R. Coombs claims the share of Isaac Coombs, Jr., deceased.    And that Isaac Coombs, Jr., died before his father, Isaac Coombs, senior.

Jos. C. Potts, on behalf of the heirs of Isaac Coombs, Jr., objected to this evidence as contradictory to the petition of John R. Coombs and the previous proceedings in the case; and the Orphans' Court overruled the evidence, and ordered the Commissioners to pay to the said administrator of John R. Coombs one-fourth of said moneys, deducting one-fourth of the charges; and to the heirs at law of Isaac Coombs, Jr., deceased, one-fourth, deducting, &c.; and to the heirs at law of Euphemia Butcher, one-fourth of said moneys, deducting, &c.; and that the Commissioners retain in their hands the residue of said moneys subject to the further order of said Court.

From these orders the said administrator of John R. Coombs, deceased, appealed to this Court.

*W. Halsted* for the appellant.    He cited 1 *Zab. Rep.* 395.

*Jos. C. Potts* for the respondents.

THE ORDINARY.    The Orphans' Court should have received the evidence offered.    There must be a reversal.
Order accordingly.